PROB 12C
(6/16)

ECF No 110

Report Date: December 18, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 18, 2025

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Charles Willie Jackson, Jr.    Case Number: 0980 2:17CR00057-TOR-1

Address of Offender: ███████████████ Spokane, Washington 99218

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: June 14, 2018

Original Offense:    Bank Robbery, 18 U.S.C. § 2113 (a)

Original Sentence:   Prison - 70 months;    Type of Supervision: Supervised Release
                     TSR - 36 months

Revocation Sentence: Prison- 5 months
(January 9, 2025)    TSR- 24 months

Asst. U.S. Attorney:  Caitlin A. Baunsgard    Date Supervision Commenced: May 9, 2025

Defense Attorney:     John Stephen Roberts, Jr.    Date Supervision Expires: May 8, 2027

---

### PETITIONING THE COURT

To issue a summons.

On May 12, 2025, Mr. Jackson's conditions of supervised release were reviewed by the probation officer and he signed said conditions acknowledging an understanding of his conditions.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.<br><br>**Supporting Evidence**: It is alleged that Mr. Jackson has violated standard condition number 11 by failing to obtain employment.<br><br>As of the date of this report, Mr. Jackson has failed to obtain employment. |

Prob12C
Re: Jackson, Jr., Charles Willie
December 18, 2025
Page 2

2   **Special Condition #5**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: The offender is alleged to have violated special condition 5, by failing to report as directed to his scheduled substance abuse classes at Pioneer Human Resources (PHS) on October 21, 29, 2025, November 4, 10, 12, and 14, 2025, at Pioneer Human Services.

On November 14, 2025, The undersigned was notified from PHS that Mr. Jackson was a no show for his substance abuse classes on October 21, 29, 2025, and November 4, 10, 12, and 14, 2025.

3   **Special Condition #6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is alleged to have violated special condition number 6, by ingesting a controlled substance, methamphetamine, on or about November 13, 2025.

On November 13, 2025, Mr. Jackson reported to the United States Probation Office. He submitted a urine sample, which returned presumptive positive for methamphetamine. He adamantly denied any use. The sample was sent to the lab for confirmation. A sweat patch was also placed on Mr. Jackson to confirm abstinence.

On November 21, 2025, the random drug test from November 13, 2025, returned from the lab diluted and positive for methamphetamine.

On November 19, 2025, Mr. Jackson completed another substance abuse assessment at PHS to re evaluate his level of care. During that assessment he admitted his last use of marijuana being on November 5, 2025, and MDMA on November 13, 2025. The recommendation from this recent assessment recommended that his level of care to increase to inpatient.

On November 20, 2025, the undersigned contacted the offender to discussed his recent assessment. The officer questioned him about his honestly about his drug use. Initially, Mr. Jackson only admitted to marijuana use. It was not until the undersigned advised that she has reviewed the recent assessment where he admitted both marijuana and MDMA use, that he said "I have been around my cousin who uses, so I came in contact with it." He was still never clear about what substance he came in contact with and still never admitted methamphetamine use from November 13, 2025. He continues to be dishonest with the undersigned about his drug use.

On November 30, 2025, the sweat patch that was placed on Mr. Jackson on November 13, 2025, returned from the lab positive for methamphetamine and amphetamine.

Prob12C
**Re: Jackson, Jr., Charles Willie**
**December 18, 2025**
**Page 3**

|   |   |
|---|---|
| 4 | **Special Condition #6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: The offender is alleged to have violated special condition number 6, by ingesting a controlled substance, MDMA, on or about November 13, 2025.

On November 19, 2025, Mr. Jackson completed another substance abuse assessment at PHS to re evaluate his level of care. During that assessment he admitted his last use of marijuana being on November 5, 2025, and MDMA on November 13, 2025. The recommendation from this recent assessment recommended that his level of care to increase to inpatient.

5    **Special Condition # 6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The offender is alleged to have violated special condition number 6, by ingesting a controlled substance, marijuana, on or about November 5, 2025.

On November 19, 2025, Mr. Jackson submitted a random urinalysis at PHS that returned presumptive positive for marijuana, he admitted use and signed an admission form stating his last use was November 5, 2025.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    December 18, 2025

s/Courtney Hambel

Courtney Hambel
U.S. Probation Officer

Prob12C
Re: Jackson, Jr., Charles Willie
December 18, 2025
Page 4

THE COURT ORDERS

- [ ] No Action
- [ ] The Issuance of a Warrant
- [X] The Issuance of a Summons
- [ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [ ] Defendant to appear before the Judge assigned to the case.
- [X] Defendant to appear before the Magistrate Judge.
- [ ] Other

_____
Thomas O. Rice
United States District Judge
December 18, 2025
Date